UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
MARK SPILLERS,

                Plaintiff,

        - against -

THE CITY OF NEW YORK HEALTH and
HOSPITALS CORP., ET AL.,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-06472 (PKC)

PAMELA K. CHEN, United States District Judge:

Presently before the Court are Defendants City of New York Health and Hospitals Corporation ("HHC") and Kings County Hospital Center's ("KCHC") motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) as to *pro se* Plaintiff Mark Spillers' failure to accommodate claim brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA" or "the Act"). For the reasons stated herein, the motion is GRANTED.

## BACKGROUND

**I.    Relevant Facts[1]**

Plaintiff began working for the HHC as a Senior Rehabilitation Counselor at KCHC in 2006. (Complaint ("Compl."), Dkt. No. 1 at ¶ 1.) On December 3, 2013, Plaintiff got into an altercation with Sylvester Williams, a coworker, in which Williams "yell[ed] names and obscenities" and threatened Plaintiff with physical violence (the "Incident"). (Amended

---

[1] Pursuant to Rule 12, the Court "accept[s] all factual allegations in the [Amended Complaint] as true and draw[s] all reasonable inferences in favor of [Plaintiff]." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014).

Complaint[2] ("Am. Compl."), Dkt. No. 40 at ¶ 2.) Plaintiff reported the Incident to several management level employees at KCHC. (*See* Compl., Dkt. No. 1 at ¶ 17.) Plaintiff alleges that he developed a psychological disability shortly after the Incident. (Am. Compl., Dkt. No. 40 at ¶ 6.) Specifically, Plaintiff alleges that he developed severe depression, persistent feelings of sadness, despair, and powerlessness because of the Incident, and was diagnosed with Adjustment disorder with Anxiety and Depressed Mood, Severe Depression and Psychosis, Generalized Anxiety Disorder, and Post-Traumatic Stress Disorder. (*Id.* at ¶ 7.)

On or about October 7, 2014, Plaintiff alleges that he requested paid time-off to address his psychological disability and was told he needed a report of the Incident to receive paid time-off. (*Id.* at ¶¶ 19-20.) Plaintiff made numerous attempts to obtain an incident report from the KCHC administration, including his supervisors. (*Id.* at ¶¶ 10, 21, 22, 26.) Plaintiff claims that his psychological disability was exacerbated, by his employer's refusal to investigate the Incident or to provide a report, because their inaction caused him increased stress, anxiety, panic, depression, and feelings of helplessness. (*Id.* at ¶ 14.)

On October 22, 2014, during an appointment with the KCHC Occupational Health Services Department, Plaintiff filled out an annual assessment and pre-employment medical questionnaire in which he informed the department of his "psychological medical issues." (*Id.* at ¶ 27.) On October 28, 2014, Plaintiff's psychologist, Dr. Goldberg[3] reported that "[Plaintiff was] . . . experiencing symptoms of an emotional nature that [were] significantly interfering with his ability

---

[2] The Court construes the document Plaintiff describes as his "Affirmation" as Plaintiff's Amended Complaint, in which he brings a failure to accommodate claim. (Am. Compl., Dkt. No. 40.)

[3] Where no first name is indicated in this Memorandum & Order, none was provided in the Amended Complaint.

2

to function in a day-to-day manner . . . result[ing] in a significant deterioration of [his] overall psychological and emotional functioning." (*Id.* at ¶ 31.) Plaintiff states that he showed Dr. Goldberg's evaluation to Ms. Bispham, who worked in the Worker's Compensation Department in Human Resources at KCHC, on an unspecified date. (*Id.* at ¶¶ 26, 32.) On or about November 6, 2014, Dr. Abraham, a psychiatrist, opined that Plaintiff should "be removed from [his] current work environment to prevent further deterioration." (*Id.* at ¶ 33.) Plaintiff alleges that he gave Dr. Abraham's recommendation to his supervisors shortly after November 6, 2014. (*Id.* at ¶ 34.) Plaintiff also alleges that if he had been granted paid time-off, he "would have been able to seek concentrated psychological treatment in the interim and [to] return to work to complete [his] functions with renewed vigor." (*Id.* at ¶ 36.) Plaintiff was constructively terminated by KCHC on December 4, 2014. (*Id.* at ¶ 37.)

On December 2, 2014, Plaintiff filed a charge with the EEOC alleging that he was discriminated against by KCHC because of his disability. (Exhibits to the Amended Complaint ("Exhibits"), Dkt. No. 40-1, ECF[4] 33-36.) Plaintiff described his disability as a "psych impairment." (*Id.* at ECF 35.) The EEOC issued a Right to Sue Letter on or about December 8, 2014, which Plaintiff alleges he did not receive until approximately August 13, 2015. (*Id.* at ECF 31; Am. Compl., Dkt. No. 40 at ¶ 43.)

## II. Procedural History

Plaintiff filed the Complaint on November 6, 2015. (Compl., Dkt. No. 1.) At a hearing held on February 8, 2017, this Court granted Defendants' motion for judgment on the pleadings as to all of Plaintiff's Title VII and ADA claims in the Complaint based on events occurring between

---

[4] Citations to "ECF" refer to the pagination generated by the Court's electronic docketing system and not the document's internal pagination.

3

2007 and 2013, which the Court found were time-barred. (*See* Minute Order, dated February 8, 2017.) However, during the February 8, 2017 hearing, Plaintiff indicated that he had also intended to state a failure to accommodate claim pursuant to the ADA. (*Id*.) The Court granted Plaintiff leave to make a supplemental filing establishing the basis for his failure to accommodate claim. (*Id*.) Plaintiff filed his supplemental pleadings containing additional allegations regarding his failure to accommodate claim on March 30, 2017. (*See* Am. Compl., Dkt. No. 40.) On May 1, 2017, Defendants moved for judgment on the pleadings with regard to Plaintiff's failure to accommodate claim. (Def. Mot., Dkt. No. 41.) Plaintiff filed his opposition to Defendants' motion on June 6, 2017. (Pl. Opp'n Br., Dkt. No. 44.) On June 19, 2017, Defendants filed their reply brief. (*See* Def. Reply, Dkt. No. 45.)

## **LEGAL STANDARD**

A motion for judgment on the pleadings is evaluated according to the same legal standard as a Rule 12(b)(6) motion for failure to state a claim. *See EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014). In order to succeed on a motion for judgment on the pleadings, "a complaint must plead 'enough facts to state a claim to relief that is plausible on its face' . . . and must do more than conclusorily assert the elements of a cause of action." *Schnitter v. City of Rochester*, 556 F. App'x 5, 7 (2d Cir. 2014) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Thus, we accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Port Auth.*, 768 F.3d at 253. "A party is entitled to judgment on the pleadings under Rule 12(c) if it has established that it is entitled to judgment as a matter of law and that no material issue of fact remains unresolved." *Ross v. N.Y.*, No. 15-CV-3286, 2017 WL 354178, at *1 (S.D.N.Y. Jan. 24, 2017) (citing *Juster Assocs. v. City of Rutland*, 901 F.2d 266, 269 (2d Cir. 1990)). A complaint "filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded,

must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## DISCUSSION

Plaintiff's failure to accommodate claim fails because he did not exhaust his administrative remedies prior to bringing suit. Further, Plaintiff fails to state a plausible failure to accommodate claim under the ADA because Plaintiff has not pled sufficient facts showing that his proposed accommodation of an indefinite amount of paid leave was reasonable. Accordingly, Defendants' motion for judgment on the pleadings is granted and this action is hereby dismissed.

### I. Plaintiff's Failure to Accommodate Claim is Unexhausted

Plaintiff's failure to accommodate claim fails because Plaintiff did not exhaust his administrative remedies prior to bringing suit in federal court. (*See* EEOC Complaint, Dkt. No. 40-1 at ECF 33-36.) A plaintiff must exhaust his administrative remedies by timely filing a complaint with the EEOC, prior to filing a complaint in federal court alleging violations of Title VII or the ADA. *Hoffman v. Williamsville Sch. Dist.*, 443 F. App'x. 647, 649 (2d Cir. 2011) ("As with Title VII claims, plaintiffs asserting ADA claims must exhaust all available administrative remedies."). "Claims that were not asserted in an EEOC charge may be pursued in a federal action only if they are 'reasonably related' to those that were filed with the agency." *Manello v. Nationwide Mut. Ins. Co.*, No. 11-CV-0243 SJF, 2012 WL 3861236, at *9 (E.D.N.Y. Sept. 4, 2012) (citing *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 158 (2d Cir. 2008)). A claim is considered "reasonably related" "if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Mathirampuzha v. Potter*, 548 F.3d 70, 76 (2d Cir. 2008).

Here, Plaintiff did not include the failure to accommodate claim in his EEOC complaint. (*See* EEOC Complaint, Dkt. No. 40-1 at ECF 33-36.) Rather, Plaintiff only alleged in the EEOC

complaint that he was discriminated against because of his disability, which he described as a "psych impairment." (*Id.* at ECF 35.) Plaintiff specifically did not check the box to indicate that he had asked for changes or assistance to do his job because of his disability. (*Id.*) Nor did Plaintiff indicate what type of assistance he requested, and to whom he made the request. (*Id.*) Nothing in the EEOC complaint indicated that the EEOC needed to investigate Plaintiff's claim that he was denied reasonable accommodation in the form of paid time-off, as he now claims. *See Hoffman*, 443 F. App'x at 650 (affirming dismissal of failure to accommodate claim as unexhausted where the EEOC charge did not provide the EEOC sufficient notice to investigate plaintiff's failure to accommodate claim). Thus, Plaintiff's disability discrimination claim is not reasonably related to his failure to accommodate claim and is dismissed as unexhausted. *See id.*; *see also Bresloff-Hernandez v. Horn*, No. 05-CV-0384, 2007 WL 2789500, at *8 (S.D.N.Y. Sept. 25, 2007) (holding that a failure to accommodate claim brought in district court was not reasonably related to a failure to accommodate claim brought before the EEOC where the EEOC charge referred "to a failure to offer the plaintiff a different position at the EEOC to accommodate her disability between April 2002 and July 2003 when she was on medical leave," whereas the district court claim was "based on the denial of a request for a shift change made by the plaintiff several months after she was reinstated to her previous position . . . in March 2004").

## II. Plaintiff Does Not State a Plausible Failure to Accommodate Claim

Even if Plaintiff had exhausted his administrative remedies, the Amended Complaint nonetheless fails to state a *prima facie* failure to accommodate claim. "Discrimination in violation of the ADA includes, *inter alia*, 'not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.'" *McBride v. BIC Consumer Prod. Mfg. Co. Inc.*, 583 F.3d 92, 96 (2d Cir. 2009) (quoting 42 U.S.C. § 12112(b)(5)(A)). To establish a *prima facie* case for a failure to accommodate claim, Plaintiff

6

must show that: "(1) plaintiff is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004). Plaintiff must also allege that he is a "qualified individual" under the ADA, which is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *McBride*, 583 F.3d at 96 (quoting 42 U.S.C. § 12111(8)). In a failure to accommodate claim, the plaintiff "bears the burdens of both production and persuasion as to the existence of some accommodation that would allow [him] to perform the essential functions of [his] employment." *McBride*, 583 F.3d at 97.

Assuming that Plaintiff was disabled under the ADA[5] and his employer had notice of his disability, Plaintiff has failed to plead sufficient facts showing that his proposed accommodation of an indefinite paid leave of absence would allow him to perform the essential functions of his job. *See Rodal*, 369 F.3d at 118. None of the doctors' notes submitted by Plaintiff indicated that paid time-off would have enabled Plaintiff to recover from his disability and successfully return to work in a reasonable amount of time. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 338 (2d Cir. 2000) ("The duty to make reasonable accommodations does not . . . require an employer to hold [a disabled] employee's position open indefinitely while the employee attempts

---

[5] Plaintiff alleges that he suffers from "Adjustment disorder with Anxiety and Depressed Mood, Severe depression and Psychosis, Generalized Anxiety Disorder, and Post-Traumatic Stress Disorder." (Am. Compl., Dkt. No. 40 at ¶ 7.) Courts in this Circuit have found that depression, psychosis, and generalized anxiety disorder can qualify as a disability under the ADA. *See Cody v. Cnty. of Nassau*, 577 F. Supp. 2d 623, 638 (E.D.N.Y. 2008) (recognizing generalized anxiety disorder as an impairment under the ADA), *aff'd*, 345 F. App'x. 717 (2d Cir. 2009); *Oblas v. Am. Home Assurance Co.*, 199 F.3d 1323 (2d Cir. 1999) (noting that "'depression' can qualify as a disability for purposes of the ADA"); *Johnson v. City of N.Y.*, 326 F. Supp. 2d 364, 368 (E.D.N.Y. 2004) (stating that psychosis constitutes an impairment under the ADA).

to recover."). Further, Plaintiff did not request a specific amount of time for his leave of absence; nor did he propose an end date for his leave of absence. Therefore, Plaintiff has failed to sufficiently allege that his proposed accommodation of an indefinite amount of paid time-off was reasonable. *See Petrone v. Hampton Bays Union Free Sch. Dist.*, 568 F. App'x 5, 8 (2d Cir. 2014) ("[Plaintiff] failed to make a *prima facie* case that his requested accommodation of unpaid leave was reasonable, because he gave the [the employer] no assurance whatsoever that he would be able to return to work.").

## **CONCLUSION**

For the reasons stated herein, Defendants' motion for judgment on the pleadings is **GRANTED** and this action is dismissed. The Clerk of Court is respectfully directed to enter judgment in favor of Defendants and to close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 28, 2017
Brooklyn, New York