UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MARK SPILLERS,

                    Plaintiff,

          - against -

THE CITY OF NEW YORK HEALTH and
HOSPITALS CORP., ET AL.,

                    Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
15-CV-6472 (PKC) (JO)

PAMELA K. CHEN, United States District Judge:

*Pro se* Plaintiff Mark Spillers filed this action on October 12, 2017 (Dkt. 48), seeking reconsideration of the Court's September 28, 2017 Order granting Defendants City of New York Health and Hospital Corp. and Kings County Hospital Center's (collectively, "Defendants") motion for judgment on the pleadings (*see* Dkt. 46). For the reasons stated herein, Plaintiff's motion for reconsideration is denied.

**BACKGROUND**

On November 6, 2015, Plaintiff filed this action alleging that Defendants discriminated against him due to his psychological disability[1] in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified, 42 U.S.C. Sections 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq.* (Dkt. 1.)[2] At a hearing held on February 8, 2017, this Court granted Defendants' motion for judgment on the pleadings as to all of Plaintiff's Title VII and ADA claims in the Complaint based on events occurring between 2007 and 2013,

---

[1] In his EEOC Charge, Plaintiff described his disability as a "psych impairment." (Dkt 40-1, at 35.)

[2] The Court assumes the parties' familiarity with the facts of this case.

which the Court found were time-barred. (*See* Minute Order, February 8, 2017.) At that time, the Court also granted Plaintiff leave to make a supplemental filing establishing the basis for his failure to accommodate claim under the ADA. (*Id.*) Plaintiff filed his supplemental pleadings containing additional allegations regarding his failure to accommodate claim on March 30, 2017. (Dkt. 40.) On May 1, 2017, Defendants moved for judgment on the pleadings with regard to Plaintiff's failure to accommodate claim. (Dkt. 41.) Plaintiff filed his opposition to Defendants' motion on June 6, 2017. (Dkt. 44.) On June 19, 2017, Defendants filed their reply brief. (Dkt. 45.) The Court granted Defendants' motion for judgment on the pleadings on September 28, 2017. (Dkt. 46.) Plaintiff filed a motion for reconsideration on October 12, 2017 (Dkt. 48), and Defendants responded on October 25, 2017 (Dkt. 49).

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3, the decision to grant or deny a motion for reconsideration "is within the sound discretion of the district court . . . and is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hernandez v. Doe*, 16-CV-2375 (KAM)(LB), 2016 WL 7391989, at *2 (E.D.N.Y. Dec. 21, 2016) (citing *Mangino v. Inc. Vill. of Patchogue*, 814 F. Supp. 2d 242, 247 (E.D.N.Y. 2011)). Generally, a motion for reconsideration will be "denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). It is "well-settled" that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted).

**DISCUSSION**

In his motion for reconsideration, Plaintiff makes two arguments. First, Plaintiff argues that he properly exhausted his ADA failure to accommodate claim because he alleged such a claim in his EEOC charge. (Dkt. 48, at 1.)[3] Second, Plaintiff argues that he sufficiently alleged that he could have performed the essential functions of his job with a reasonable accommodation of short-term medical leave. (*Id.* at 2.) The Court will address each of these arguments in turn.

I. **Plaintiff Did Not Exhaust His Administrative Remedies**

Plaintiff argues that the Court incorrectly held that Plaintiff did not exhaust his administrative remedies prior to filing suit. (Dkt. 48, at 1.) Plaintiff states he included his failure to accommodate claim in his EEOC complaint and that he directed the Court to an attachment, which allegedly detailed his request for "some time off to address [his] medical issues" that were "escalating, and … affecting [his] work performance with [his] peers and clients." (*Id.* at 2.) Plaintiff also claims that because he filled out the form with the help of two EEOC investigators, part of the intake questionnaire was left "entirely blank." (*Id.*)

As an initial matter, Plaintiff's argument is not new; rather, he has merely recapitulated arguments made in his opposition to Defendants' motion for judgment on the pleadings. The Court previously found that Plaintiff's EEOC application did not include adequate information about his need for accommodation, nor was his accommodation claim "reasonably related" to his original claim of disability discrimination. (*See* Dkt. 46, at 5-6). Plaintiff did not check the box on his EEOC application to indicate that he had asked for changes or assistance to do his job because of his disability. Plaintiff's new argument that he left sections of the form blank because he was

---

[3] Page numbers refer to the pagination generated by the CM/ECF system, and not the document's internal pagination.

working with EEOC investigators does not justify a failure to complete the application. Plaintiff has failed to demonstrate an "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" with respect to the Court's dismissal of his ADA claim. *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). Plaintiff also does not identify any critical facts that the Court overlooked in its prior order. (*See generally* Dkt. 46.) The Court therefore finds Plaintiff's attempts to re-litigate his failure to exhaust his administrative remedies unavailing.

## II. Plaintiff Did Not Sufficiently Allege that He Could Have Performed his Job with Reasonable Accommodations

Plaintiff next argues that the Court incorrectly characterized his accommodation request as "an indefinite paid leave of absence." (Dkt. 48, at 2.) Plaintiff states that he was seeking short-term disability leave and has never suggested that he wanted a long-term leave of absence. (*Id.* at 3.) Plaintiff alleges that two documents show that he requested short-term leave and could have returned to his job thereafter: (1) a November 6, 2014 doctor's note stating that the doctor was putting Plaintiff on psychotropic medication and wanted to re-examine him one month later; and (2) a letter to his union regarding his current work-related injuries.

The Court already considered the same evidence that Plaintiff resurrects in his motion for reconsideration. *Analytical Surveys*, 684 F.3d at 52 (a motion for reconsideration is not a vehicle for "taking a 'second bite at the apple'"). Indeed, as the Court previously explained, Plaintiff did not request a specific amount of time for his leave of absence, nor did he show he could have performed his job after taking medical leave. Even assuming that Plaintiff had requested short-term leave, Plaintiff offers no evidence that he could have successfully resumed his job thereafter. The doctor's note does not mention any length of leave, including short-term leave, nor does it indicate that a leave of absence would enable Plaintiff to recover from his disability and return to

4

work in a reasonable amount of time. Similarly, in the union letter, Plaintiff states that he requested "some time off to address [his] medical issues" (Dkt. 48, at 3), but there is no indication of how "some time off" would assist him in performing the essential functions of his job. As a result, Plaintiff failed to plead sufficient facts showing that his proposed accommodation of *any length of absence* would allow him to resume his job and succeed in his work. *See Graves v. Finch Pruyn & Co.*, 353 Fed. App'x 558, 560-61 (2d Cir. 2009) (affirming district court's grant of summary judgment where the plaintiff, who requested a leave of absence as an accommodation under the ADA, failed to allege the leave would allow the plaintiff to return to work and satisfactorily perform the essential functions of his job).

## CONCLUSION

Because Plaintiff has not satisfied the strict standards of Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e), his motion for reconsideration is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: April 25, 2018
      Brooklyn, New York